815 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester DOTSON, Petitioner,
v.
PIKEVILLE COAL COMPANY; Old Republic Companies, and
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 86-3152.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Chester Dotson appeals from the Benefits Review Board's ("Board") denial of black lung benefits. We affirm.
 
 
 2
 Dotson is a 57 year old male who was employed as a coal miner for about 15 years. For some time prior to February 1976, Dotson had been experiencing psychiatric problems and on February 10, 1976, he suffered a nervous breakdown. He was hospitalized and treated for this condition. He has not worked in the coal mines or in any other capacity since that date. He is currently receiving Social Security disability benefits as well as workers compensation benefits from the State of Kentucky.
 
 
 3
 On March 31, 1976, Dotson filed a claim for federal black lung benefits. The claim was informally denied by the Department of Labor ("DOL") on March 7, 1977, but was subsequently informally approved on April 4, 1980. The responsible employer and its insurance carrier were first notified of the existence of the claim on April 4, 1980. The employer rejected the DOL's proposed resolution of the claim, and the matter was set for hearing. An administrative hearing was held on April 19, 1983.
 
 
 4
 The medical evidence submitted at the hearing included 16 x-ray reports submitted by a number of readers who reviewed several x-rays taken between 1976 and 1980. The record contains 11 readings by B readers. Of these 11 readings, 10 are negative for pneumoconiosis and one is positive. However, all of the readings performed by doctors who are not B readers were positive for the disease.
 
 
 5
 The record also contains the medical reports and opinions of several doctors who have examined Dotson. Dr. Frank Varney stated that Dotson could do sedentary work in a dust free environment. Dr. William Anderson concluded with a high degree of medical probability that Dotson did not suffer from a work disability related to any lung problem. Dr. Max Jones found no evidence that Dotson suffered from pneumoconiosis and concluded that he had left his coal mine work solely due to his nervous breakdown. Dr. T.L. Wright noted that Dotson had a mild pulmonary impairment, but that it was not severe enough to keep him from working. Dr. Robert Penman testified that Dotson was vocationally disabled but had no lung function impairment. Dr. John Meyers opined that Dotson had minimal abnormalities in his pulmonary function that would restrict him somewhat from performing arduous work.
 
 
 6
 After reviewing the medical record, the ALJ concluded that the x-ray evidence was sufficient to invoke the interim presumption of total disability due to pneumoconiosis set forth in 20 C.F.R. Sec. 727.203(a)(1) (1986). The ALJ then concluded that the presumption was rebutted under Sec. 727.203(b)(3), which mandates such a finding if all relevant medical "evidence establishes that the total disability ... of the miner did not arise in whole or in part out of coal mine employment...." After reviewing the relevant medical evidence and its supporting documentation, the ALJ concluded that Dotson was disabled by a non-occupationally related psychiatric disorder and was not disabled by pulmonary disease of any kind.
 
 
 7
 Dotson then filed an appeal with the Benefits Review Board. On December 23, 1985, the Board issued a decision and order affirming the ALJ's decision. The Board concluded that the ALJ's "findings that claimant's lung function is not impaired, that he is employable, and that his disability is not attributable to a pulmonary condition are overwhelmingly supported by the medical reports."
 
 
 8
 The Board, however, disagreed with the ALJ's conclusion that the interim presumption had been rebutted pursuant to Sec. 727.203(b)(3). It nonetheless concluded that Dotson was not entitled to black lung benefits because his interim presumption had been rebutted pursuant to Sec. 727.203(b)(2), which provides that a presumption is rebutted if "[i]n light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work...." The Board concluded that the medical reports established that Dotson was able to perform his usual coal mine work.
 
 
 9
 Following the Board's decision, Dotson sought review in this court. An ALJ's findings of fact and conclusions of law in black lung disability cases are first appealable to the Board. The Board may not set aside such findings of fact and conclusions of law if they are "supported by substantial evidence in the record considered as a whole or in accordance with law." 20 C.F.R. Sec. 802.301 (1986). The actions of the BRB are in turn reviewable by the courts of appeals. The review by the courts is limited to " 'scrutiniz[ing] Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the [ALJ's] factual determinations.' " Director, OWCP v. Rowe, 710 F.2d 251, 254 (6th Cir.1983) (quoting Bumble Bee Seafoods v. Director, OWCP, 629 F.2d 1327, 1329 (9th Cir.1980)). A court of appeals may not set aside the findings of an ALJ if they are based on substantial evidence. Substantial evidence has been defined as "more than a mere scintilla" of evidence and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985) (citations omitted).
 
 
 10
 Based on x-ray evidence, the ALJ concluded that there was a rebuttable presumption that Dotson was afflicted with black lung disease. See 20 C.F.R. Sec. 727.203(a)(1). Once the rebuttable presumption was established, the burden fell on the responsible employer to rebut the presumption by establishing one of the following: that (a) the claimant was doing or is able to do his usual coal mine work or comparable and gainful work; (b) total disability did not arise in whole or in part out of coal mine employment; or (c) the claimant does not have pneumoconiosis. See 20 C.F.R. Sec. 727.203(b).
 
 
 11
 In this case both the ALJ and the Board concluded that the presumption had been rebutted. However, they disagreed as to how the presumption had been rebutted. The ALJ found that Dotson's disability did not arise in whole or in part out of coal mine employment. The BRB concluded that Dotson was still able to do his coal mining work or other comparable work. Upon review of the record, we hold that the ALJ's finding that the presumption of disability was rebutted under Sec. 727.203(b)(3) is supported by substantial evidence. Dr. Jones' medical report states that Dotson's disability was caused by psychological problems rather than pulmonary problems. Other medical reports state that Dotson's disability is not attributable to a pulmonary condition. The medical reports provide strong evidence that Dotson's disability was not caused in part or in whole by his coal mine employment. Therefore, he is not eligible for benefits.
 
 
 12
 Accordingly, the denial of benefits is AFFIRMED.